The opinion of the court was delivered by
White, J.
The plaintiff sues to be recognized as the duly elected parish judge of the parish of Grant. He avers that at the general election held on the fifth of November, 1878, himself and Ragan, the defendant, were candidates for that office. That upon a fair count of the votes at the different precincts of said parish as made by the commissioners thereof he received a majority of thirty-five votes and was fairly and duly elected. That notwithstanding this result announced by the commissioners at the different precincts and bj1- them there tallied the same has been changed and fraudulently altered so as to give to his *290 opponent a majority of the votes cast. That Charles B. Nugent, sheriff and returning officer, with Aurelius Hargis, his deputy, and H. G. Goodman and W. L. Bichardson, fraudulently altered, changed, substituted, and manipulated the vote so as to defeat the result regularly ascertained, tallied, and returned by the commissioners at the various precincts.
The defendant after excepting to the prematurity of the plaintiff’s demand, and after pleading the want of any authority to inquire into the validity of election returns, reserving his rights, answered by a general denial. The case was tried by a jury. One of the jurors having been ■excused, the jury thus composed of eleven rendered a verdict by a majority of one in favor of the defendant, whereupon the plaintiff appealed. We will first consider the exceptions :
We are at a loss to understand upon what theory the defendant predicates his pretension as to the want of legal authority for the contest. It is expressly granted in plain language by section one of act No. 24 of regular session of 1877. Acts of 1877, p. 26. Nor do we understand that the method for contesting an election pointed out by the various sections of the Bevised Statutes from section 1421 to 1435 has been repealed. While sections 1419 and 1421 have been amended by the act of 1877, to which we have already referred, the right to contest was given 'by those articles which were legally existing at the time of their- re-enactment, and the method of contest remained and was as provided for in the various statutes embraced within the already enumerated articles of the Bevised Statutes. We are told that our predecessors have recognized and declared the repeal of all laws on the subject of the right to ■contest an election, and that although the act of 1877 may have anew •conferred such right, the re-creation of the power did not bring into new being the method of its exercise pointed out by the Bevised Statutes. The diligence of counsel, which was of course exercised, has failed to discover, or if discovered, to point us to adjudicated cases in support of the position contended for. Our investigation has led us to a different ■conclusion, and we know of no law or adjudicated case going to the extent claimed.
The exception of prematurity is unfounded. By section one of the act of 1877 the suit for contest must be brought within thirty days after the official promulgation of the result of the election. In the present instance the result of the election was announced by the sheriff on the seventh of November, 1878, and was officially promulgated by the Secretary of State on December 17,1878. The present suit was filed Nov. 13,1878. The position of the defendant is that the official promulgation from which the thirty days are to be reckoned is that made by the Secretary of State, and as this suit was filed before that official promulgation it was not consequently brought within thirty days after the official *291 promulgation. While we think the promulgation of the Secretary of State is the one from which the limitation began we do not understand the statute as preventing the commencement of the proceedings before that period. It prescribes a time after which the suit can not be brought, but does not prevent the exercise of the legal right before the beginning of the thirty-days term.
On the merits, the demand, as we have seen, is based on an alleged fraudulent alteration of the commissioners’ returns, and although such is the entire cause of action those returns are not in the record, nor has •their absence been explained or accounted for. By section 32 of. act No. 58 of the extra session of 1877 the duties of the commissioners of election are thus defined : “ Two tally sheets shall be kept of the count, the tally sheets shall have the tallies marked in lines from the beginning to the end of the page, and the total amount of the tallies shall be written in figures immediately after the end of the tallies'to prevent any alteration thereof.” * * * “ As soon as the votes have been counted and the ballot-box sealed as above provided, the commissioners shall make duplicate compiled statements of the names of all persons voted for and the offices for which they were voted, the number of ballots contained in the box, the number of ballots rejected, and the reasons therefor.” The law makes it the duty of the commissioners of election to deposit •one of the tally sheets and statements with the clerk and to deliver’the others to the sheriff or returning officer. Acts of 1877, p. 32, Extra Session.
By section 2 of act No. 99 of the regular session of 1878 it is made the duty of the returning officer to transmit the original tally sheets along with his compilation of the vote' to the Secretary of State, who therefrom compiles the result and makes public proclamation thereof. In the present case we have said that the tally sheets have not been produced, although the sole cause of plaintiffs complaint was that they had been fraudulently altered by the local returning officers. This singular omission seems to have been caused by the fact that the tally ■sheets not having been found in the clerk’s office, where duplicate originals should have been on file, the plaintiff at once concluded that there were none on file in the Secretary of State’s office, and proceeded to offer secondary evidence of what was the vote tallied by the commissioners and by them returned in order to destroy the official return of the election and thereby inferentially make proof of the forgery or alteration of the commissioners’ tally sheets. This proceeding was to the last degree irregular. The original tally sheets, which the law makes it the duty of the returning officer to forward to the Secretary of State, are •the bases of his action. If altered or forged, their production would be overwhelming proof to that end, and until their non-existence be shown *292 we are unwilling to .form a conclusion from secondary evidence on so grave a matter as the charged forgery by a returning office! or his ■ deputies.
We will therefore remand the case to afford an opportunity of making that proof which it is probable from the circumstances of the case can be supplied, and which we think the ends of justice require should be either supplied or accounted for before the matter at issue is determined.
It is therefore ordered that the judgment of the lower court be reversed, the verdict of the jury upon which it was rendered be set aside, and tha,t the case be remanded to be proceeded with according to law.